1    Fred W. Schwinn (SBN 225575)
     CONSUMER LAW CENTER, INC.
2    12 South First Street, Suite 1014
     San Jose, California  95113-2403
3    Telephone Number: (408) 294-6100
     Facsimile Number: (408) 294-6190
4    Email Address: fred.schwinn@sjconsumerlaw.com

5    Attorney for Plaintiff
     ROBERT W. ZUCHOWSKI

6

7

8    **IN THE UNITED STATES DISTRICT COURT**
     **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9    **SAN JOSE DIVISION**

10   ROBERT W. ZUCHOWSKI,        Case No. C07 03986 JW

11                Plaintiff,      HRL

12   v.               **COMPLAINT**

13   NCO FINANCIAL SYSTEMS, INC., a    **DEMAND FOR JURY TRIAL**
     Pennsylvania corporation,
14                15 United States Code § 1692 *et seq.*
               Defendant.    California Civil Code § 1788 *et seq.*

15

16        Plaintiff, ROBERT W. ZUCHOWSKI (hereinafter "Plaintiff"), based on information

17 and belief and investigation of counsel, except for those allegations which pertain to the named

18 Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following

19 allegations:

20                         **I.  INTRODUCTION**

21        1.      This is an action for statutory damages, attorney fees and costs brought by an

22 individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C.

23 § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act,

24 California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from

25 engaging in abusive, deceptive and unfair practices.

26                         **II.  JURISDICTION**

27        2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §

28 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3.      This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

### III.  VENUE

4.      Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV.  INTRADISTRICT ASSIGNMENT

5.      This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

### V.  PARTIES

6.      Plaintiff, ROBERT W. ZUCHOWSKI (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7.      Defendant, NCO FINANCIAL SYSTEMS, INC., (hereinafter "NCO"), is a Pennsylvania corporation engaged in the business of collecting debts in this state with its principal place of business located at:  507 Prudential Road, Horsham, Pennsylvania 19044-2308.  NCO may be served at the address of its Agent for Service of Process at: NCO Financial Systems, Inc., c/o CT Corporation System, 818 West 7th Street, Los Angeles, California  90017-3407.  The principal purpose of NCO is the collection of debts using the mails and telephone, and NCO regularly attempts to collect debts alleged to be due another.  NCO is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

### VI.  FACTUAL ALLEGATIONS

8.      On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation that was primarily for personal, family or household purposes, namely a

consumer credit account issued by Bank of America, N.A., and bearing the account number XXXX-XXXX-XXXX-0003 (hereinafter "the alleged debt"). The financial obligation alleged to be owed to Bank of America, N.A., by Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

9.    Plaintiff is informed and believes, and thereon alleges that sometime thereafter on a date unknown to Plaintiff, the alleged debt was sold, assigned or otherwise transferred to LVNV Funding, LLC.

10.    Sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

11.    Thereafter, Defendant sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

12.    A true and accurate copy of the collection letter from Defendant to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

13.    The collection letter (Exhibit "1") is dated August 12, 2006.

14.    The collection letter (Exhibit "1") was Defendant's first written notice initially addressed to Plaintiff in connection with collecting the alleged debt.

15.    On or about August 28, 2006, an employee of Defendant recorded the following message on Plaintiff's answering machine:

> This message is for Robert Zuchowski. My name is Andrea. Please return my call today at 1-800-233-1486, extension is 3615. Thank you.

16.    On or about September 7, 2006, Defendant recorded the following automated message on Plaintiff's answering machine:

> We need to speak with Robert Zuchowski about a personal business matter. Please call us toll-free at 800-233-1486 and use ID code 6B18ET. That number again is 800-233-1486 and use ID code 6B18ET. Thank you. Goodbye.

17.    Defendant's August 28, 2006, and September 7, 2006, answering machine messages were each a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

18.    Defendant's employees failed to disclose Defendant's identity and the nature

-3-
COMPLAINT

of Defendant's business in each of its answering machine messages, in violation of 15 U.S.C. § 1692d(6) and Cal. Civil Code § 1788.11(b).  See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1112, 1118 (C.D. Cal. 2005).

19.    Defendant's employees failed to disclose that each of its answering machine messages were communications from a debt collector, in violation of 15 U.S.C. § 1692e(11).   See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

20.    On or about September 8, 2006, Plaintiff mailed a letter to Defendant which stated: "please be advised that I dispute this debt and refuse to pay."

21.    A true and accurate copy of Plaintiff's letter disputing the debt and refusing to pay the debt is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

22.    Defendant received Plaintiff's letter disputing the debt and refusing to pay the debt (Exhibit "3") on or about September 11, 2006.

23.    A true and accurate copy of the USPS Tracking Report and Certified Mail Return Receipt evidencing Defendant's receipt of Plaintiff's letter disputing the debt and refusing to pay the debt (Exhibit "2") is attached hereto, marked Exhibit "3," and by this reference is incorporated herein.

24.    After receiving Plaintiff's letter notifying Defendant of his refusal to pay the debt (Exhibit "2"), Defendant continued to communicate with Plaintiff in an attempt to collect the debt.

25.    After receiving Plaintiff's letter disputing the debt (Exhibit "2"), Defendant continued its collection efforts without first obtaining and mailing Plaintiff a validation of the debt being collected.

26.    Thereafter, Defendant sent a second collection letter to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

27.    A true and accurate copy of the second collection letter from Defendant to Plaintiff is attached hereto, marked Exhibit "4," and by this reference is incorporated herein.

28.    The second collection letter (Exhibit "4") is dated September 14, 2006.

29.    Plaintiff is informed and believes, and thereon alleges that Defendant deposited the envelope containing the second collection letter (Exhibit "4") in the United States Mail on or about September 14, 2006.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

30.    Plaintiff brings the first claim for relief against Defendant under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

31.    Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 29 above.

32.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

33.    Defendant, NCO, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

34.    The financial obligation allegedly originally owed to Bank of America, N.A., by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

35.    Defendant's answering machine messages described above violate the FDCPA.  The violations include, but are not limited to, the following:

a.    Defendant failed to disclose Defendant's identity and the nature of Defendant's business, in violation of 15 U.S.C. § 1692d(6); and

b.    Defendant failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11).

36.    Defendant has further violated the FDCPA in the following respects:

a.    Defendant continued to communicate with Plaintiff in an attempt to collect the alleged debt after receiving a written notification that Plaintiff refused to pay the debt being collected, in violation of 15 U.S.C. § 1692c(c); and

b.    Defendant continued its collection efforts against Plaintiff after receiving a written notification within the thirty-day validation period

-5-

1    from Plaintiff disputing the debt being collected in its entirety

2    without first obtaining a verification of the debt and mailing a copy

3    of such verification to Plaintiff, in violation of 15 U.S.C. § 1692g(b).

4    37.    Defendant's acts as described above were done intentionally with the purpose

5    of coercing Plaintiff to pay the alleged debt.

6    38.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an

7    award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

8    **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

9    39.    Plaintiff brings the second claim for relief against Defendant under the

10   Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

11   40.    Plaintiff repeats, realleges, and incorporates by reference paragraphs 1

12   through 37 above.

13   41.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code

14   § 1788.2(h).

15   42.    Defendant, NCO, is a "debt collector" as that term is defined by the RFDCPA,

16   Cal. Civil Code § 1788.2(c).

17   43.    The financial obligation allegedly originally owed to Bank of America, N.A.,

18   by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code §

19   1788.2(f).

20   44.    Defendant's answering machine messages described above violate the

21   RFDCPA.  The violations include, but are not limited to, the following:

22   a.    Defendant failed to disclose Defendant's identity and the nature of

23   Defendant's business, in violation of 15 U.S.C. § 1692d(6), as

24   incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code §

25   1788.11(b);

26   b.    Defendant failed to disclose that the communications were from a

27   debt collector, in violation of 15 U.S.C. § 1692e(11), as incorporated

28   by Cal. Civil Code § 1788.17.

45. Defendant has further violated the RFDCPA in the following respects:

    a.    Defendant continued to communicate with Plaintiff in an attempt to collect the alleged debt after receiving a written notification that Plaintiff refused to pay the debt being collected, in violation of 15 U.S.C. § 1692c(c), as incorporated by Cal. Civil Code § 1788.17; and

    b.    Defendant continued its collection efforts against Plaintiff after receiving a written notification within the thirty-day validation period from Plaintiff disputing the debt being collected in its entirety without first obtaining a verification of the debt and mailing a copy of such verification to Plaintiff, in violation of 15 U.S.C. § 1692g(b), as incorporated by Cal. Civil Code § 1788.17.

46. Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

47. As a result of Defendant's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

48. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17.

49. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

50. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

/ / /

/ / /

# VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a.    Assume jurisdiction in this proceeding;

b.    Declare that Defendant's answering machine messages violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d(6) and 1692e(11);

c.    Declare that Defendant's answering machine messages violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b) and 1788.17;

d.    Declare that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(c) and 1692g(b);

e.    Declare that Defendant violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

f.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

g.    Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

h.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

i.    Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

j.    Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.


By: /s/ Fred W. Schwinn
Fred W. Schwinn, Esq.
Attorney for Plaintiff
ROBERT W. ZUCHOWSKI

1

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

2

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

3

named parties, there is no such interest to report.

4

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

5

6

## DEMAND FOR JURY TRIAL

7

PLEASE TAKE NOTICE that Plaintiff, ROBERT W. ZUCHOWSKI, hereby demands a trial

8

by jury of all triable issues of fact in the above-captioned case.

9

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT