1   Debbie P. Kirkpatrick, Esq. (SBN 207112)
    SESSIONS, FISHMAN & NATHAN IN CALIFORNIA, L.L.P.
2   3667 Voltaire Street
    San Diego, CA  92106
3   Tel:    619/758-1891
    Fax:    619/222-3667
4   dpk@sessions-law.biz

5   Attorney for NCO Financial Systems, Inc.

6

7

8                        UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11

12  ROBERT W. ZUCHOWSKI,               )  Case No.: C07-03986 JW HRL
                                       )
13              Plaintiff,             )
                                       )  ANSWER OF NCO FINANCIAL
14        vs.                          )  SYSTEMS, INC. TO COMPLAINT
                                       )
15                                     )
    NCO FINANCIAL SYSTEMS, INC., a     )
16  Pennsylvania corporation,          )
                                       )
17              Defendant.             )
                                       )
18                                     )
                                       )
19  _____)

20        Defendant, NCO Financial Systems, Inc. (hereinafter "NCO"), for itself alone,

21  responds to the complaint filed by plaintiff, ROBERT W. ZUCHOWSKI, as follows:

22

23                              I. INTRODUCTION

24        1.      NCO admits that plaintiff purports to seek redress for violations of the Fair

25  Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Rosenthal

26
27  Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code § 1788, *et seq.*,

28

as alleged in ¶ 1 of the Complaint, but denies violating the FDCPA or RFDCPA and

denies any liability or wrongdoing under the law.

## II. JURISDICTION

2.      NCO admits the allegations contained in ¶ 2 for jurisdictional purposes

only.

3.      NCO denies the allegations contained in ¶ 3 of the Complaint.

## III. VENUE

4.      NCO admits the allegations contained in ¶ 4 for venue purposes only, but

specifically denies violating the FDCPA or RFDCPA and denies any liability or

wrongdoing under the law.

## IV. INTRADISTRICT ASSIGNMENT

5.      NCO lacks sufficient information to answer the allegations contained in ¶ 5,

and based thereon denies the same.  NCO specifically denies violating the FDCPA or

RFDCPA and denies any liability or wrongdoing under the law.

## V.  PARTIES

6.      NCO lacks sufficient information to answer the allegations contained in ¶ 6,

and based thereon denies the same.

7.      NCO admits that when it acts as a debt collector as defined by 15 U.S.C. §

1692a(6) or Cal. Civil Code § 1788.2(c) its conduct may be governed by the applicable

provisions of those statutes.   NCO further admits it engages in the business of debt

collection and that its principal business is debt collection related services. NCO further

admits the address of its principal place of business and its agent for service of process is

as stated in ¶ 7 of the Complaint.  Except as expressly admitted, NCO denies the

remaining allegations contained in ¶ 7.

## VI.  FACTUAL ALLEGATIONS

8.      NCO lacks sufficient information to answer the allegations contained in ¶ 8,

and based thereon denies the same.

9.      NCO lacks sufficient information to answer the allegations contained in ¶ 9,

and based thereon denies the same.

10.      NCO admits that an LVNV Funding LLC account in plaintiff's name was

placed for collection on August 9, 2006.  Except as specifically admitted, NCO denies the

remaining allegations contained in ¶ 9.

11.      NCO admits that its records reflect that a letter of the type attached as

Exhibit 1 was sent to plaintiff on or about August 12, 2006, the original document being

the best evidence of its contents.  The remaining allegations in ¶ 11 call for a legal

conclusion and do not require an affirmative response.  To the extent that an affirmative

response is required, NCO denies the remaining allegations in ¶ 11.

12.      NCO admits that plaintiff purports to attach a copy of a collection letter

from NCO as Exhibit 1, the original document being the best evidence of its contents.

Except as specifically admitted, NCO denies the remaining allegations in ¶ 12.

13.    NCO admits that the letter attached as Exhibit 1 is dated August 12, 2006, the original document being the best evidence of its contents.  Except as specifically admitted, NCO denies the remaining allegations in ¶ 13.

14.    NCO admits the allegations contained in ¶ 14 of the Complaint.

15.    NCO admits its records reflect that a message was left for plaintiff on August 26, 2006.  Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 15 of the Complaint and based thereon denies the same.  To the extent an admissible recording exits, said recording is the best evidence of its content.

16.    NCO denies the allegations in ¶ 16 for lack of sufficient information to justify a belief therein.

17.    The allegations in ¶ 17 call for a legal conclusion and do not require an affirmative response.  To the extent that an affirmative response is required, NCO denies the allegations in ¶ 17.

18.    NCO denies the allegations in ¶ 18 for lack of sufficient information to justify a belief therein.

19.    NCO denies the allegations in ¶ 19 for lack of sufficient information to justify a belief therein.

20.    NCO admits its records reflect that a letter from plaintiff was received by NCO on or about September 12, 2006, the original document being the best evidence of

its contents.   Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 15 of the Complaint.

21.     NCO admits that plaintiff purports to attach a copy of a dispute letter from plaintiff as Exhibit 2, the original document being the best evidence of its contents. Except as specifically admitted, NCO denies the remaining allegations in ¶ 21.

22.     NCO admits its records reflect that a letter from plaintiff was received by NCO on or about September 12, 2006, the original document being the best evidence of its contents.   Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 22 of the Complaint.

23.     NCO admits that plaintiff purports to attach a USPS Tracking Report and Certified Mail Return Receipt as Exhibit 3, the original document being the best evidence of its contents.   Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 23 of the Complaint.

24.     NCO admits that its records reflect that a letter was sent to plaintiff on or about September 14, 2007, the original document being the best evidence of its contents. Except as specifically admitted, NCO denies the remaining allegations in ¶ 24.

25.     NCO admits that its records reflect that a letter was sent to plaintiff on or about September 14, 2007, the original document being the best evidence of its contents. Except as specifically admitted, NCO denies the remaining allegations in ¶ 24.

26.     NCO admits that its records reflect that a letter was sent to plaintiff on or about September 14, 2007, the original document being the best evidence of its contents.

The remaining allegations in ¶ 26 call for a legal conclusion and do not require an affirmative response.  To the extent that an affirmative response is required, NCO denies the allegations in ¶ 26.

27.     NCO admits that plaintiff purports to attach a letter from NCO to plaintiff as Exhibit 4, the original document being the best evidence of its contents.  Except as specifically admitted, NCO denies the allegations in ¶ 27.

28.     NCO admits that the letter attached as Exhibit 4 is dated September 14, 2006.  Except as specifically admitted, NCO denies the allegations in ¶ 28.

29.     NCO denies the allegations in ¶ 29 for lack of sufficient information to justify a belied therein.

## VII.  CLAIMS

30.     NCO admits that Plaintiff purports to bring this action pursuant to the FDCPA, but denies any violations thereof.

31.     In reference to ¶ 31, NCO hereby incorporates by references its admissions and denials as set forth in the above paragraphs.

32.     The allegations in ¶ 32 call for a legal conclusion and do not require an affirmative response.  To the extent that an affirmative response is required, NCO denies the allegations in ¶ 32.

33.     NCO admits that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its debt collection efforts may be subject to regulation pursuant to the FDCPA. Except as specifically admitted, NCO denies the allegations in ¶ 33.

34.     The allegations in ¶ 34 call for a legal conclusion and do not require an affirmative response.  To the extent that an affirmative response is required, NCO denies the allegations in ¶ 34.

35.     NCO denies the allegations in ¶ 35, including subparts.

36.     NCO denies the allegations in ¶ 36, including subparts.

37.     NCO denies the allegations in ¶ 37.

38.     NCO denies the allegations in ¶ 38 of the Complaint and further specifically denies plaintiff is entitled to damages in any amount whatsoever.

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

39.     NCO admits that Plaintiff purports to bring this action pursuant to the RFDCPA but denies any violations thereof.

40.     In reference to ¶ 40, NCO hereby incorporates by reference its admissions and denials as set forth in the above paragraphs.

41.     The allegations in ¶ 41 call for a legal conclusion and do not require an affirmative response.  To the extent that an affirmative response is required, NCO denies the allegations in ¶ 41 for lack of sufficient information to justify a belief therein.

42.     NCO admits that when it acts as a debt collector as defined by the Cal. Civil Code § 1788.2(c), its debt collection efforts may be subject to regulation pursuant to the RFDCPA.  Except as specifically admitted, NCO denies the remaining allegations in ¶ 42.

43.    The allegations in ¶ 43 call for a legal conclusion and do not require an affirmative response.  To the extent that an affirmative response is required, NCO denies the allegations in ¶ 43 for lack of sufficient information to justify a belief therein.

44.    NCO denies the allegations in ¶ 44, including subparts.

45.    NCO denies the allegations in ¶ 45, including subparts.

46.    NCO denies the allegations in ¶ 46.

47.    NCO denies the allegations in ¶ 47 of the Complaint and further specifically denies plaintiff is entitled to damages in any amount whatsoever.

48.    NCO denies the allegations in ¶ 48 of the Complaint and further specifically denies plaintiff is entitled to damages in any amount whatsoever.

49.    NCO denies the allegations in ¶ 49 of the Complaint and further specifically denies plaintiff is entitled to damages in any amount whatsoever.

50.    The allegations in ¶ 50 call for a legal conclusion and do not require an affirmative defense.  To the extent that an affirmative response is required, NCO denies the allegations in ¶ 50.

## VIII.  REQUEST FOR RELIEF

51.    NCO denies that plaintiff is entitled to any relief sought.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## THIRD AFFIRMATIVE DEFENSE

Assuming that plaintiff suffered any damages, plaintiff has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

## FOURTH AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of NCO, or for whom NCO are not responsible or liable.

WHEREFORE, Defendant, NCO Financial Systems, Inc., respectfully requests that this Answer be deemed good and sufficient, Plaintiff's lawsuit be dismissed, with prejudice, at Plaintiff's cost, pursuant to federal and state law, Plaintiff be ordered to pay reasonable attorney's fees and costs for NCO and for all other general and equitable relief.

Dated: 8/28/07           SESSIONS, FISHMAN & NATHAN IN CALIFORNIA, L.L.P.


/s/ Debbie P. Kirkpatrick
Debbie P. Kirkpatrick
Attorney for Defendant
NCO Financial Systems, Inc.

Answer of NCO Financial Systems, Inc. to Complaint

9